UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| FREE SPEECH FOUNDATION, INC., *et. al.*, | Case No. 2:23-cv-01407-MMD-BNW |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| PHILADELPHIA INDEMNITY INSURANCE CO., | |
| Defendant. | |

## I. SUMMARY

This is a directors' and officers' insurance coverage action arising from an underlying dispute over control of the board of directors of Free Speech Foundation, Inc., d/b/a America's Frontline Doctors, Inc. ("AFLDS"). (ECF No. 1 ("Complaint").) AFLDS, an Arizona nonprofit corporation founded by Simone Gold, has been embroiled in an ongoing dispute over its leadership since 2022, with two competing boards of directors each accusing the other of fraud. (*Id.* at 1-2.) Formal control of AFLDS is at issue in litigation pending in the United States District Court for the Middle District of Florida ("Florida Action"). Defendant now moves to stay the case (ECF No. 36 ("Motion"))[1] pending the Florida Action's resolution of who controls AFLDS. As further explained below, the Court will grant the Motion because the balance of harms favors Defendant and a stay promotes judicial efficiency.

## II. DISCUSSION

Defendant argues a stay is warranted because the Florida Action will determine a key component of this case: who has authority over AFLDS. (*Id.* at 2.) It also argues that staying the case would not harm Plaintiffs, and, absent a stay, Defendant is at risk of

---

[1]Plaintiffs responded (ECF No. 37) and Defendant replied (ECF No. 38).

litigation costs and contradictory judgments. (*Id.* at 4.) Plaintiffs counter that staying this case would harm them, that Defendant's concern about incurring litigation costs is unfounded, and that a stay would cause judicial inefficiency. (ECF No. 37 at 7-11.) The Court agrees with Defendant.

A district court has discretionary power to stay proceedings in its own court. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). There are "three non-exclusive factors courts must weigh when deciding whether to issue a docket management stay: (1) 'the possible damage which may result from the granting of a stay'; (2) 'the hardship or inequity which a party may suffer in being required to go forward'; and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law.'" *Pub. Emps. Ret. Ass'n of N.M. v. Earley*, 100 F.4th 1076, 1085 (9th Cir. 2024) (quoting *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023)).

On the first factor, Plaintiffs argue that damage "may" result from a stay based on the facts of another case and that Defendant moves for a stay to "try to destroy its insured," but do not articulate how a stay would practically cause damage specific to them. (ECF No. 37 at 7-9.) *Cf. Fallon Paiute-Shoshone Tribe v. U.S. Dep't of the Interior*, No. 3:21-cv-00512-RCJ-CSD, 2023 WL 2021303, *2 (D. Nev. Feb. 14, 2023) (holding that there was no "fair possibility" of damage where there was not a specific threat of damage under a stay). Plaintiffs also argue they may experience damage because the Motion could be an attempt by Defendant to prevent incriminating factual development through discovery. (*Id.* at 7.) However, nothing in the record suggests this is Defendant's aim. Moreover, factual development—that could be incriminating—will continue in the Florida Action, and once the Florida Action resolves the sole question of who has authority over AFLDS, discovery may continue in this case. As there appears to be no "fair possibility" that the stay presents tangible harm to Plaintiffs, the first factor favors Defendant. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

Under the second factor, advancing this case could subject the parties to competing and inconsistent orders. While Plaintiffs are correct to note that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity'" (ECF No. 37 at 9-10 (quoting *Lockyer*, 398 F.3d at 1112)), there indeed is more via the threat to Defendant of duplicative liability or contradictory directives. *See Watkins v. Rapid Fin. Sols., Inc.*, No. 3:20-cv-00509-MMD-CSD, 2023 WL 7301491, *3 (D. Nev. Nov. 3, 2023). This factor therefore favors a stay.

Finally, a stay would promote efficiency and judicial economy. As Defendant notes, the Florida Action will resolve a key issue in this case. (ECF No. 36 at 4.) Staying this case until control of AFLDS is determined will therefore allow the parties to understand what claims and parties remain and to adjust their litigation strategies accordingly. It will also prevent the Court from addressing unnecessary issues. *See Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.") A stay will, as a result, promote the "orderly course of justice" by "simplifying . . . issues, proof, and questions of law." *Filtrol v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972). This factor therefore also favors Defendant.[2]

As the three factors favor granting a stay, the Court will grant Defendant's Motion.

## III.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

---

[2] Plaintiffs argue that staying the case opposes the orderly course of justice because the Florida Action may not be decided on the merits as Plaintiffs could bring a first-to-file claim. (ECF No. 37 at 11.) However, this concern is hypothetical as Plaintiffs have not made such an argument in the Florida Action, and even so, the judicial efficiency to be gained warrants a stay. Moreover, discovery in the Florida Action will be limited to the sole question of who has authority to pursue an action on behalf of AFLDS.

It is therefore ordered that Defendant's motion to stay (ECF No. 36) is granted. The stay will be lifted upon the Middle District of Florida's determination of who controls AFLDS. The parties are instructed to file a joint status report within ten days of the Middle District of Florida's decision.

It is further ordered that the parties file a joint status report six months from the date of this order and every six months thereafter pending the Middle District of Florida's decision.

The Clerk of Court is directed to administratively close this case.

DATED THIS 29th Day of April 2024.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE